IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RASUNDRA ELEY, INDIVIDUALLY
AND AS NEXT FRIEND OF JASMINE
YATES, A MINOR CHILD                                           PLAINTIFFS

VS.                                      CIVIL ACTION NO:  1:15CV108-SA-DAS

THE CITY OF WEST POINT, MISSISSIPPI
AND JOHN DOE DEFENDANTS ONE
THROUGH TEN                                                    DEFENDANTS

## ORDER

This matter is before the court on plaintiffs' motion [47] for the imposition of discovery sanctions. Having considered the motion, response and relevant authorities, the court finds that it should be denied.

### I. BACKGROUND

On October 3rd, 2014, police officers from the City of West Point, Mississippi responded to a call wherein Jasmine Yates' parents requested police assistance in transporting their daughter to a hospital for inpatient psychiatric treatment. Yates' parents warned the dispatcher that Jasmine would become combative when they attempted to hospitalize her, and during the course of the officers' encounter with Yates, Officer Nick Coe deployed his Taser twice to gain Yates' compliance. This discovery dispute centers on a document called a "Taser data report," which purportedly shows the time and duration of Officer Coe's Taser deployments.

According to the motion, plaintiffs requested the Taser data report ("report") on two previous occasions, once in a letter the City of West Point's chief of police on November 20th, 2014, and a second request was made on February 22nd, 2016 in plaintiffs' first requests for

production. At least with respect to the latter request, the defendants did not produce the report because they believed Officer Coe's Taser no longer contained the data from the 2014 incident. Nevertheless, defendants learned from a retained expert that the information could still be extracted with the right software. Defendants were able to get the information extracted on April 29th, 2016, and the same was produced to the plaintiffs on May 2nd, 2016.

Despite now having the report at their disposal, plaintiffs filed the present motion for sanctions, seeking an order allowing them to inform the jury of the defendants' failure to produce the report in a timely manner and, further, an instruction to the jury members that they may draw a negative inference from the defendants' withholding of the report. Plaintiffs argue this sanction is appropriate because, in light of the unreasonable delay, they were forced to conduct their depositions without data from the report.

## II. DISCUSSION

The question presently before the court is whether the defendants are liable under Federal Rule of Civil Procedure 37 for the delayed production of the Taser data report. Pursuant to Rule 37, "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may also sanction the nonconforming party by informing the jury of the party's failure to provide the required disclosures. Fed. R. Civ. P. 37(c)(1)(B).

However, there is a condition precedent to filing a discovery motion: "counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." L.U. Civ. R. 37(a). Moreover, "[a] Good Faith Certificate…*must* be filed with all discovery motions." *Id.* (emphasis added). Notably, plaintiffs' motion fails to state

whether their counsel attempted to confer in good faith with counsel for the defendants. Moreover, plaintiffs have failed to include a good faith certificate demonstrating counsel had the required conference.

    THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion [47] for the imposition of discovery sanctions is denied.

    SO ORDERED this, the 8th day of June, 2016.

    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE